**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

ANTONIO SHEPPARD,

          Plaintiff

    v.

WARDEN GARZA, *et al.*,

          Defendants.

CIVIL ACTION NO. 3:26-CV-00417

(MEHALCHICK, J.)

## MEMORANDUM

Antonio Sheppard, formerly incarcerated at USP Canaan, has filed a complaint against six individuals affiliated with the prison pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Because the complaint does not state a plausible claim for relief, Sheppard will be granted 30 days to file an amended complaint, or this case will be dismissed.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On February 19, 2026, the Court received and docketed a complaint from Sheppard (Doc. 1), who seeks leave to proceed *in forma pauperis* (Doc. 6).

Sheppard alleges as follows: On February 10, 2025, while incarcerated at USP Canaan, Sheppard sent "a non-threatening email" to the warden of the prison. Sheppard does not otherwise describe the content of the email. On February 12, he was "placed in Special Housing Unit ["SHU"] . . . under the claim that the email was 'threatening'." Sheppard was never given an incident report or an opportunity to contest the allegation.

In the SHU, Sheppard, who was 53 years old, was housed with a "25-year-old inmate known for violent behavior" for an unspecified time. The inmate informed Sheppard that he had assaulted other inmates and had repeatedly been sent to the SHU for violent conduct.

Sheppard "requested to be separated" from this inmate, but "Defendants refused to intervene." On March 20, the inmate assaulted Sheppard while he was asleep, at a time when the prison was in a period of "heightened supervision."

After this incident, Sheppard was evaluated by Emily Whitelavich, a nurse practitioner, who told Sheppard he would be "place[d] . . . on the list to see medical." Despite this, Sheppard "never received medical treatment at USP Canaan." He was ultimately transferred to the Federal Transfer Center in Oklahoma City, where he sought medical attention for an injury to his thumb, and received "contradict[ory] findings [that] there was 'nothing wrong' while also indicating possible future intervention."

The rest of Sheppard's allegations are difficult to follow, but he alleges that "ce[r]tain property was never returned" to him after he was transferred. He contends that this loss of property was "retaliatory and intended to silence Plaintiff and conceal misconduct." He asserts a Fifth Amendment due process claim premised on his placement in the SHU; an Eighth Amendment failure-to-protect claim; and an Eighth Amendment claim of deliberate indifference to a serious medical need. He labels each of these as *Bivens* claims, and the complaint requests only monetary relief.

## II.   28 U.S.C. § 1915A SCREENING

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). In performing this mandatory screening function, a district court

applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting

3

*In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

With these standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is

vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**III.     DISCUSSION**

The Supreme Court has recognized an implied right of action for damages against federal officials for constitutional violations. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, the right does not extend to cases presenting a different "context" from those previously recognized by the Supreme Court. "If the case is different in a meaningful way from previous *Bivens* cases decided . . . then the context is new." *Ziglar v. Abbasi*, 582 U.S. 120, 139 (2017). If the case presents a new context, the Court must consider whether there are other "special factors" that cast doubt on "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 136. Ultimately, "if a court concludes that even a single reason exists to pause before applying *Bivens* in a new context, then special factors counseling hesitation exist and a *Bivens* remedy does not lie." *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (quotations omitted).

The Supreme Court has recognized a damages remedy in three contexts: an unreasonable search and seizure in violation of the Fourth Amendment (*Bivens*, 403 U.S. 388); a gender discrimination claim under the Fifth Amendment (*Davis v. Passman*, 442 U.S. 228 (1979)); and a prisoner's Eighth Amendment claim of inadequate medical care (*Carlson v. Green*, 446 U.S. 14 (1980)). Sheppard's due process and failure-to-protect claims clearly do

not fall into any of these contexts.[1] *See Fisher v. Hollingsworth*, 115 F.4th 197, 208 (3d Cir. 2024) (no *Bivens* remedy "lies against federal officials who fail to protect a prisoner from the violence of other inmates"); *Duncan v. Garrison*, No. 4:22-CV-01111, 2022 WL 3086338, at *4 (M.D. Pa. Aug. 3, 2022) (finding no *Bivens* remedy for an allegedly false misconduct report and inadequate disciplinary procedure).

Sheppard's medical care claim also presents a different context from the claim recognized in *Carlson*. In that case, an inmate with asthma was kept in prison against the advice of doctors, denied medical attention for eight hours after a severe asthma attack, given drugs that made his attack more severe, treated with a faulty respirator, and not timely taken to the hospital, which resulted in his death. *See Carlson*, 446 U.S. at 16 n.1. Although Sheppard's allegations about his medical issues are sparse[2], it is apparent that the facts of this case are not analogous to *Carlson*. "Although the Court does not discount any discomfort, pain, or emotional distress [Sheppard] has suffered," the complaint does not describe a medical emergency or life-threatening symptoms. *See Gayle v. Mowatt*, No. 1:23-CV-00861, 2025 WL 903832, at *15-16 (M.D. Pa. Mar. 25, 2025) (rejecting a *Bivens* remedy for minor,

---

[1] To the extent Sheppard intended to assert a First Amendment claim based on the "retaliatory" loss of his property, there would be no *Bivens* remedy available. *See Egbert*, 596 U.S. at 498-99.

[2] The complaint as pled would not state an Eighth Amendment violation. Such a claim would require "(1) a subjective showing that 'the defendants were deliberately indifferent to [Sheppard's] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). Sheppard vaguely alleges that he suffered an injury to his thumb that warranted "possible future intervention," but he provides no basis to infer that this was a "serious" medical need or that any defendant perceived it as such. Moreover, to the extent he intended to complain about his medical care in Oklahoma City, he has not named a defendant who was responsible for his medical care at that facility.

"non-fatal" injuries); *Holton v. Finley*, No. 4:21-CV-737, 2024 WL 1919238, at *9-10 (M.D. Pa. Mar. 21, 2024).

Other factors counsel against extending *Bivens* into any of these contexts, including the existence of the BOP's administrative remedy program (which was unavailable to the estate of the deceased plaintiff in *Carlson*), and the deference that courts must afford to prison officials in matters of prison administration. *See Kalu v. Spaulding*, 113 F.4th 311, 332-34 (3d Cir. 2024) ("The presence of an alternative remedial structure . . . is sufficient by itself to preclude an extension of *Bivens*."); *Duncan*, 2022 WL 3086338, at *4. Specifically, care for chronic or ongoing injuries "is a specialized activity requiring a high degree of training and qualification," which courts are ill-equipped to regulate, particularly in the prison context. *See Peguero v. Quay*, No. 1:22-CV-00057, 2023 WL 2410882, at *9 (M.D. Pa. Mar. 8, 2023) (citation omitted). Therefore, no *Bivens* remedy is available to Sheppard on the facts presented in this complaint.

## IV.    CONCLUSION

Because the complaint does not state a claim for relief, Sheppard will be permitted one opportunity to file an amended complaint prior to dismissal. *See Grayson*, 293 F.3d at 108. An appropriate order follows.

Dated: March 19, 2026

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**